IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

TAI LARKINS,

    Petitioner,

v.                                                                                  CASE NO. 5:06-cv-6-RS-AK

JOSE BARRON,

    Respondent.
_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on Doc. 1, § 2241 Petition for Writ of Habeas Corpus, filed by Rodney Lawrence. Respondent has filed his answer. Doc. 9. Though the Court granted Petitioner additional time to file a reply, Doc. 12, he did not file a reply, and the time for doing so has long since expired. This cause is therefore in a posture for decision. Having carefully considered the matter, the Court recommends that the petition be denied.

## BACKGROUND

Petitioner is presently serving a 154-month sentence from the United States District Court for the District of Minnesota for being a felon in possession of ammunition in violation of 18 U.S.C. § 922(g)(1). Petitioner is confined at FCI Marianna; thus, this cause is properly filed in this Court. He is presently scheduled for release on March 17, 2008. *See* http://www.bop.gov.

After his arrival at FCI Marianna, Petitioner was interviewed by the Drug Treatment Specialist, Gary Poole, to determine whether Petitioner was eligible to participate in the

Residential Drug Abuse Program (RDAP).  While Mr. Poole was able to verify Petitioner's history of drug use, thereby making him eligible for participation in the RDAP, he advised Petitioner that he was not eligible for early release because his incarcerating offense excluded him from early release based pursuant to BOP regulations.  Doc. 9, Ex. E.  According to Poole, Petitioner's instant offense made him ineligible for placement in a Community Corrections Center (CCC) because it is deemed a crime of violence.  *Id*.  Because Petitioner cannot complete the third and final phase of the RDAP–the transitional services portion in a CCC–he is ineligible for early release.  *Id*.  Petitioner was formally advised of the BOP's decision that he did not "appear" to be "provisionally eligible for early release" based on "instant offense 922G felon possession of ammunition," which Petitioner signed in acknowledgment.  Doc. 9, Ex. F.  The Unit Team agreed with that determination.  Doc. 9, Ex. H.

Petitioner pursued his administrative remedies, and at each level, he was denied relief. *See* Doc. 9, Ex. 2.  In his initial administrative response, Respondent pointed out that Petitioner had been deemed ineligible for early release for the following reason:

> A review of your records indicate that one of your current offenses is 18 U.S.C. 922(g)1, an offense which is always disqualifying for the 3621 sentence reduction....
>
> In reference to the case law cited, the Supreme Court in Lopez v. Davis...vacated the preceding cases finding that the Director of the Bureau of Prisons has the discretion to categorically deny sentence reduction incentives to inmates who are convicted of non-violent offenses.  In your case, you are INELIGIBLE for the 3621(e) incentive based on the discretion of the Director as implemented in PS 5162.04.

*Id*. at 3 (emphasis original).

The instant petition ensued.  On this occasion, Petitioner complains that Mr. Poole

"added his own [disqualifiers] to the policy by typing it in a violation of the APA [Administrative Procedure Act]," as the relevant Program Statement does not list a § 922(g) conviction as a disqualifying event.  Doc. 1.

## DISCUSSION

Section 3621 of Title 18 of the United States Code governs the imprisonment of persons convicted of federal crimes and provides, in pertinent part, for the "appropriate substance abuse treatment for each prisoner the Bureau [of Prisons] determines has a treatable condition of substance addiction or abuse."  18 U.S.C. § 3621(b).  To carry out this objective, the Bureau "shall, subject to the availability of appropriations, provide residential substance abuse treatment (and make arrangements for appropriate aftercare)...."  *Id*. at § 3621(e)(1).

As an incentive for successful completion of a drug treatment program, the "period a prisoner convicted of a nonviolent offense remains in custody...may be reduced by the Bureau of Prisons, but such reduction may not be more than one year from the term the prisoner must otherwise serve."  *Id*. at § 3621(e)(2)(B).  The reduction in sentence is discretionary with the BOP:  "When an eligible prisoner successfully completes drug treatment, the Bureau thus has the authority, but not the duty, both to alter the prisoner's conditions of confinement and to reduce his term of imprisonment."  *Lopez v. Davis*, 531 U.S. 230, 241 (2001).

When determining eligibility for early release, the BOP "need not blind itself to pre-conviction conduct," and it acts reasonably "both in taking account of pre-conviction conduct and in making categorical exclusions."  *Id*. at 242.  Thus, as an "exercise of the discretion vested in the Director of the Federal Bureau of Prisons," an inmate who is not eligible for participation in a community-based program–"as determined by the Warden on the basis of his or her

professional discretion"--is not eligible for early release.  28 C.F.R. § 550.58(a)(1)(v).  If an inmate cannot "participate in community-based programs," he cannot "complete the transitional services component of treatment in a Community Corrections Center or on home confinement." U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5330.10 (May 25, 1995). As an exercise of the Director's discretion, "[a]ll offenses under 18 U.S.C. § 922(g) shall preclude an inmate from receiving certain Bureau program benefits."  U.S. Dept. of Justice, Federal Bureau of Prisons Program Statement 5162.04 (Oct. 9, 1997).

The Bureau is afforded wide discretion in its classification of the prisoners under its care, custody, and control, *Cohen v. United States*, 151 F.3d 1338, 1342-44 (11th Cir. 1998), and after carefully considering the matter, the Court finds nothing either arbitrary or capricious or otherwise improper about its determination that Petitioner should be deemed ineligible for early release.  Prisoners convicted of § 922(g) offenses are categorically ineligible for early release consideration pursuant to the Director's discretion, and it is beyond dispute that Mr. Poole did not himself create this disqualification.  While possession of ammunition is not considered a "crime of violence" by the BOP, the Director has determined that § 922(g) offenders should be denied early release eligibility because "by its nature" the possession of ammunition by a prior convicted felon "presents a serious potential risk of physical force against the person or property of another."  P.S. 5162.04.  Petitioner's argument that he should not be excluded because he merely had the ammunition in his jacket pocket to protect others from harming themselves is not persuasive, as the Director may, without any consideration of the particulars, categorically deny a class of inmates, such as those convicted of § 922(g) offenses, early release eligibility.  *See Lopez*, 531 U.S. at 242.

In light of the foregoing, it is respectfully **RECOMMENDED** that the petition for writ of habeas corpus, Doc. 1, be **DENIED**, and this cause be **DISMISSED WITH PREJUDICE**.

**IN CHAMBERS** at Gainesville, Florida, this *16th* day of April, 2007.

*s/ A. KORNBLUM*
**ALLAN KORNBLUM
UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**